UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
JOHN HAMRIC, On Behalf of Himself : Case No. 1:16-cv-01216
And All Others Similarly Situated, :
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 9]
TRUE NORTH HOLDINGS, INC, et al. :
:
    Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Plaintiff John Hamric alleges that his employer, Defendant True North gas stations,[1] failed to pay wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA"). In particular, Plaintiff alleges that he and other Assistant Managers were not paid for their time spent surveying gas prices at other gas stations. Plaintiff now moves for conditional certification of an FLSA collective action for himself and others similarly situated.[2] Defendant True North opposes.[3]

  For the following reasons, the Court **GRANTS** conditional certification.

---

[1] Defendants include True North Holdings, Inc., True North Energy, LLC, and True North Management, LLC, d/b/a Truenorth and True North Stores ("True North" or "Defendant").
[2] Doc. 9.
[3] Doc. 21. Plaintiff replied. Doc. 24.

Case No. 1:16-CV-1216
Gwin, J.

# I. Background

Between October 2015 and March 2016, Plaintiff John Hamric worked as an Assistant Manager at three True North gas stations.[4] In addition to his duties at the gas stations during his shift, Hamric says that Defendant directed him to survey the fuel prices from at least four nearby gas stations on the way to and from his shifts.[5] This process added at least 25 minutes to his commute.[6] However, Hamric was not compensated for this time. Indeed, Hamric was not allowed to clock in earlier than five minutes prior to his shift's start or clock out more than five minutes after his shift's end.[7]

Plaintiff has identified documentation indicating that it was a company-wide practice for assistant managers to conduct price surveys.[8]

Plaintiff now moves to conditionally certify a collective action of, "[a]ll current and former hourly-paid Assistant Managers who are or have been employed at any time since May 20, 2013 at True North gas stations owned and operated by Defendants and their franchisees."[9]

# II. Legal Standard

Under 29 U.S.C. § 216(b), a plaintiff employee alleging a FLSA violation can bring a representative action for himself and similarly situated persons. To do so, "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[10]

---

[4] Doc. 11 at ¶ 2.
[5] *Id.* at ¶ 6.
[6] *Id.* at ¶ 9
[7] *Id.* at ¶ 5.
[8] Doc. 10 at 3-4.
[9] Doc. 9 at 2.
[10] *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted).

Case No. 1:16-CV-1216
Gwin, J.

Neither the FLSA nor the Sixth Circuit have explicitly defined the term "similarly situated."[11] Nevertheless, the Sixth Circuit has said that FLSA plaintiffs may proceed collectively in cases where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[12]

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[13] First, the "notice" stage helps determine whether there are plausible grounds for plaintiffs' claims.[14] A plaintiff must make only a "modest factual showing" and needs to show "only that his position is similar, not identical, to the positions held by the putative class members."[15] Because a district court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[16]

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[17] "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."[18]

### III. Analysis

Plaintiff has met the "modest factual showing" required for conditional certification of the collective action. Plaintiff points out that documents from True North's HR department and

---

[11] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).
[12] *Id.* at 585.
[13] *Comer*, 454 F.3d at 547.
[14] *Id.*
[15] *Id.*
[16] *Id.* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J.2000)).
[17] *Id.*
[18] *Id.* at 547.

-3-

Case No. 1:16-CV-1216
Gwin, J.

website indicate that Assistant Managers conducted price surveys.[19] The five minute clock-in / clock-out rule is also written into corporate documents.[20] Named Plaintiff Hamric avers that he was expected to complete the price survey task before and after clocking in. These documents are enough to state a plausible claim that True North uses the practice of having Assistant Managers conduct price surveys before clocking in or after clocking out.

Defendant makes a few arguments in opposition, none of which are availing.

First, Defendant responds that this Court should look to True North's "clear policy prohibiting off-the-clock work."[21] Defendant claims that Plaintiff must provide "evidence of an unwritten policy to violate the FLSA that is contrary to True North's lawful written policy."[22] Plaintiff has already done so for the purposes of conditional certification. Defendant cannot defeat conditional certification, or require a higher burden of proof, merely by pointing to a written policy that True North complied with the FLSA.

Second, Defendant argues that Plaintiff's wage claims would require a highly individualized inquiry.[23] However, the very purpose of conditional certification is to allow discovery into whether putative class members are in fact similarly situated. Defendant's argument goes to the merits, and can be addressed at a later stage.[24]

Third, Defendant argues that this Court should not grant conditional certification because Plaintiff's attorneys improperly solicited opt-in class members on Facebook. Plaintiff's counsel

---

[19] Doc. 11, Ex. A; Doc. 11, Ex. C.
[20] Doc. 11, Ex. B.
[21] Doc. 21 at 6.
[22] *Id.*
[23] *Id.* at 8-11.
[24] Similarly, Defendant's tries to defeat conditional certification by arguing Managers, not Assistant Managers, conducted most of the price surveys and that Hamric and others *chose* to complete their duties outside of their shift. Both arguments go to the merits and do not defeat Plaintiff's preliminary showing. *See* Doc. 24 at 3-4 (gathering citations).

-4-

Case No. 1:16-CV-1216
Gwin, J.

argues that these advertisements were not solicitations, because they were not directly targeted at individuals and that the advertisements complied with state attorney advertising rules.[25] The Court agrees that Plaintiff's counsel does not appear to have engaged in unethical activity. And regardless, the alleged solicitation does not alter the Court's analysis granting conditional class certification.

Finally, Defendant argues that Plaintiff has not established that putative collective action members want to opt-in to the proposed collective action. However, Plaintiff is not required to make such a showing at this stage.[26]

For the foregoing reasons, the Court **GRANTS** conditional certification. Within fourteen days of the entry of this Order, Defendants will provide counsel for Plaintiff with the names, last known addresses, and email addresses of potential collective action members. Plaintiff's Counsel, or a third-party designated by Plaintiff's Counsel, will send the Collective Action Notice to potential opt-in collective action members.

IT IS SO ORDERED.

Dated: July 20, 2016                                    *s/       James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[25] Doc. 24 at 12-13.
[26] *Miller v. ALDI, Inc.*, 1:09-cv-1868, 2009 WL 7630236 at *4 (N.D. Ohio Nov. 17, 2009) ("Defendant has not cited to any authority requiring a minimum number of declarations, nor would such a requirement be appropriate given that the parties have not yet engaged in discovery to identify the class members.").